## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**Ciara Islam,**

    **Plaintiff,**

v.                                                                          Case No.

**The Cheesecake Factory Restaurants, Inc.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Ciara Islam** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **The Cheesecake Factory Restaurants, Inc.** ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Florida Civil Rights Act ("FCRA," Fla. Stat. §760.01 *et seq.*), and 29 U.S.C. § 2601 *et seq.*, known as the Family and Medical Leave Act of 1993 ("FMLA").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq.

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent to filing this action, including filing a timely charge of discrimination with the EEOC and receiving a Notice of Right to Sue.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII, the ADA, the FMLA, and the FCRA.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII, the ADA, the FMLA, and the FCRA.

11. At all times material hereto, Plaintiff was a protected employee under the FMLA.

12. At all times material hereto, Plaintiff worked at least 1,250 hours within the last year of her employment.

13. At all times material hereto, Defendant was a covered employer under the FMLA, who met the requisite 50 employee threshold at Plaintiff's workplace where she took her direction from and reported on a daily basis.

14. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## **FACTS**

15. Plaintiff was employed by Defendant from on or around March 30, 2022, until her unlawful termination on or around September 12, 2025.

16. At the time of her separation, Plaintiff held the position of Front of House ("FOH") Manager.

17. Plaintiff is a Black female.

18. At all times relevant, Plaintiff suffered from a mental or physical impairment which substantially limited one or more of her major life activities.

19. Plaintiff suffered from a serious health condition as defined by the FMLA.

20. At all times, Plaintiff was able to perform the essential functions of her job with or without accommodation.

21. Plaintiff disclosed her disability to Defendant and requested a medical accommodation in the form of a one-month leave of absence beginning April 2, 2025.

22. Plaintiff's request was reasonable and did not pose an undue hardship on the business.

23. At all times relevant, Plaintiff was eligible to take protected leave under the FMLA.

24. Plaintiff requested to take protected leave under the FMLA.

25. From April 2025 through May 2025, Plaintiff utilized four weeks of protected leave under the FMLA.

26. After Plaintiff exercised her FMLA rights and returned to work, Defendant began to retaliate against her.

27. Almost immediately upon Plaintiff's return from FMLA leave, Defendant transferred her to a different location.

28. Plaintiff was the only Black FOH Manager at her new location and was treated in a disparate manner than her similarly situated colleagues.

29. For example, Plaintiff was denied a scheduling accommodation for school that was later granted to a similarly situated non-Black employee, despite being told that such a schedule "wasn't possible."

30. While Plaintiff was tasked with increasing responsibilities consistent with a Senior Level 2 role, she was told that she was "capped" and was denied any pay increases over the course of three and a half years.

31. Due to the ongoing disparate treatment and retaliation to her use of FMLA, Plaintiff engaged in protected activity when she made multiple complaints through Defendant's hotline.

32. However, Defendant failed to take any remedial action in response to Plaintiff's complaints.

33. Instead, Plaintiff was increasingly targeted by management in retaliation to her complaints.

34. Defendant retaliated against Plaintiff by disciplining her for things that did not warrant discipline.

35. For example, Plaintiff reported to Defendant that she witnessed a subordinate employee stealing from Defendant. Plaintiff's claim was supported by video footage, but Defendant failed to punish the employee who stole and instead disciplined Plaintiff in retaliation to her complaint.

36. Shortly thereafter, that same employee filed an unfounded HR complaint against Plaintiff.

37. Plaintiff again complained that she felt she was being discriminated against and retaliated against.

38. Plaintiff was sent home nine days later without being included in any investigation, without receiving any documentation of her suspension, and without being informed of any corporate review of her statement.

39. Throughout her employment, Plaintiff was consistently treated as the aggressor in workplace incidents, often facing punishment while non-Black employees engaging in similar or worse conduct faced no consequences. In fact, some non-Black employees who exhibited insubordination were even promoted.

40. Plaintiff's complaints about misconduct by other managers, including intoxication on duty, inappropriate relationships with staff, and racially insensitive comments, were all ignored.

41. In contrast, Plaintiff was denied advancement and support, and her senior development – which had been completed over a year prior – was never signed off.

42. Plaintiff did not receive any anniversary recognition, in stark contrast to her similarly situated non-Black colleagues.

43. Plaintiff's ADO made threats to Plaintiff's job and had personal ties to Plaintiff's previous General Manager. Both the GM and the ADO had shown racial prejudice and failed to support Plaintiff's growth and advancement within the company.

44. On or about September 12, 2025, Plaintiff was wrongly terminated without cause, documentation, or proper process.

45. Despite her repeated requests, she was not provided with a termination letter or even an explanation.

46. The final meeting took place on her scheduled day off, allegedly for "privacy," in violation of company protocol. Plaintiff was escorted to her car following the meeting.

47. This final act followed months of escalating retaliation.

48. Defendant failed to provide Plaintiff reasonable disability accommodations, failed to engage in the interactive process, retaliated against her taking FMLA leave, and discriminated against her based on her race and disability.

49. Clearly, Plaintiff was treated in a disparate manner than her similarly situated non-Black colleagues.

50. Defendant clearly targeted Plaintiff due to her race and disability and in retaliation to her protected activity under Title VII, the ADA, and the FCRA.

51. Plaintiff was terminated within a very short proximity of her protected activity under Title VII, the FCRA, the ADA, and the FMLA.

52. Defendant interfered with Plaintiff's FMLA rights because she was eligible for additional FMLA leave at the time of her termination.

53. In direct retaliation to her protected activity under the FMLA, ADA, Title VII, and FCRA, Defendant terminated Plaintiff's employment, a materially adverse action.

54. Plaintiff was clearly subject to materially adverse employment action by Defendant.

55. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the ADA, the FMLA, Title VII, and the FCRA.

## COUNT I —TITLE VII VIOLATION
### (RACE DISCRIMINATION)

56. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. Plaintiff is a member of a protected class under Title VII due to her race.

58. Plaintiff was subjected to disparate treatment on account of her race.

59. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

60. Defendant's actions were willful and done with malice.

61. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II — TITLE VII RETALIATION

62. Plaintiff realleges and readopts the allegations of paragraphs 1 through 55 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under Title VII due to her race.

64. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

65. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

66. Defendant has taken material adverse action against Plaintiff.

67. Defendant's actions were willful and done with malice.

68. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff in violation of Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION (RACE DISCRIMINATION)

69. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 55 of this Complaint as though fully set forth herein.

70. Plaintiff is a member of a protected class under the FCRA due to her race.

71. Plaintiff was subjected to disparate treatment on account of her race.

72. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

73. Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff; and

(e) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV – FCRA VIOLATION (DISABILITY DISCRIMINATION)

74. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 55 of this Complaint as though fully set forth herein.

75. Plaintiff is a member of a protected class under the FCRA due to her disability.

76. Plaintiff was subjected to disparate treatment on account of her disability.

77. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

78. Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff; and

(e) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT V – FCRA RETALIATION

79. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 55 of this Complaint as though fully set forth herein.

80. Plaintiff is a member of a protected class under the FCRA due to her race and disability.

81. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

82. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

83. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

### COUNT VI —ADA VIOLATION
### (DISABILITY DISCRIMINATION)

84. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 55 of this Complaint as though fully set forth herein.

85. Plaintiff is a member of a protected class under the ADA due to her disability.

86. Plaintiff was subjected to disparate treatment on account of her

disability.

87. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

88. Defendant's actions were willful and done with malice.

89. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## **COUNT VII — ADA RETALIATION**

90. Plaintiff realleges and readopts the allegations of paragraphs 1 through 55 of this Complaint, as though fully set forth herein.

91. Plaintiff is a member of a protected class under the ADA.

92. Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

93. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his/her employment.

94. Defendant has taken material adverse action against Plaintiff.

95. Defendant's actions were willful and done with malice.

96. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(a) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(e) Front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT VIII – FMLA INTERFERENCE

97. Plaintiff realleges and readopts the allegations of paragraphs 1 through 55 of this Complaint as though fully set forth herein.

98. Plaintiff was eligible for FMLA.

99. Defendant is a covered employer as defined by the FMLA.

100. Plaintiff attempted to take leave for a serious health condition under the FMLA.

101. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise Plaintiff's FMLA rights, including, denying to reinstate full benefits and conditions of her employment and terminating Plaintiff's employment.

102. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

103. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(a) Enter a judgment that Defendant's interference of Plaintiff's rights was in violation of the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c) Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(d) Award front pay to Plaintiff;

(e) Award liquidated damages to Plaintiff;

(f) Award reasonable attorney's fees and costs to Plaintiff; and

(g) Additional relief to which Plaintiff is entitled, including equitable relief.

### COUNT IX – FMLA RETALIATION

104. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 55 of this Complaint as though fully set forth herein.

105. Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

106. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

107. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

108. Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(h) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

(i) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(j) Award back pay to Plaintiff plus interest and all benefits;

(k) Award liquidated damages to Plaintiff;

(l) Award reasonable attorney's fees and costs to Plaintiff; and

(m) Additional relief to which Plaintiff is entitled, including equitable relief.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 10th day of March 2026.

                Respectfully submitted,

                */s/ Chad A. Justice*
                **CHAD A. JUSTICE**
                Florida Bar Number: 121559
                **SAMUEL DOXSEE**
                Florida Bar Number: 127318
                **JUSTICE LITIGATION ASSOCIATES, PLLC**
                1205 N Franklin St
                Suite 326
                Tampa, Florida 33602
                Direct No. 813-566-0550
                Facsimile: 813-566-0770
                E-mail: sam@justicelitigation.law
                E-mail: chad@justicelitigation.law
                **Attorneys for Plaintiff**